UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZEESHAN SYED, | ) |
| Movant, | ) ) ) |
| v. | ) No. 3:17-cv-01019 ) Judge Trauger ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM

Pending before the Court is a motion to reconsider under Rule 60(b) (Docket No. 21) filed by Zeeshan Syed, to which Respondent has responded in opposition (Docket No. 24).

**I.  Background**

The movant, Zeeshan Syed, a federal prisoner presently housed at FCI Oakdale II in Oakdale, Louisiana, filed this action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by another judge of this court on December 4, 2015. (Crim. Case. No. 3:11-cr-0083(1), Docket Nos. 1062, 1137). By order and accompanying memorandum entered on May 22, 2018, the court denied Syed's motion and dismissed this action. (Docket Nos. 19 and 20).

Petitioner has now filed a "Motion to Reconsider Rule 60(b)," which the court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Docket No. 21). Petitioner contends that, in the court's memorandum entered on May 22, 2018, the court "reached a decision based on mistaken, inaccurate and inadvertent facts." (*Id.* at 1). In response, Respondent contends that Petitioner's motion must be denied "[f]or the reasons

1

described in the United States' Response to Movant's Section 2255 Motion, and as described in this Court's Order denying that Motion . . . ." (Docket No. 24 at 1).

**II. Analysis**

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) applies in a federal habeas corpus action under 28 U.S.C. § 2254 as long as "[it is] not inconsistent with applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (citations and footnote omitted). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC, 323 F. App'x 421, 427 (6th Cir. 2009).

A party seeking relief under any subsection of Rule 60(b) must show that he or she filed his or her motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." Tyler v. Anderson, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).

Here, the movant's timely filed motion seeks Rule 60(b) relief on the grounds that the court "reached a decision based on mistaken, inaccurate and inadvertent facts." (Docket No. 21 at 1). This argument clearly falls under Rule 60(b)(1). However, even though the movant alleges that the court relied on "mistaken, inaccurate and inadvertent facts," the movant has not shown that the court's prior decision was premised on mistaken or inaccurate information.

The movant's Rule 60(b)(1) motion urges that the court relied on "mistaken, inaccurate and inadvertent facts" in rejecting the movant's ineffective assistance of counsel claims based on defense counsel enticing the movant to reject the government's offer and defense counsel's failure to investigate and inform the movant of the money laundering enhancement. With respect to the former, the movant contends that the court "erroneously" credits defense counsel's testimony instead of believing the movant. (Docket No. 21 at 1-2). Indeed, in analyzing the movant's ineffective assistance of counsel claim regarding the rejection of the government's plea offer, the court credited defense counsel Arnkoff's version of events in light of the letters the movant sent to Arnkoff on August 4, 2012 and October 28, 2012, in which the movant explained to Arnkoff that he had always been told that he was lucky and he felt "like trying [his] luck and I want you as my attorney to go along with me" (Docket No. 19 at 7) (quoting Case No. 3:17-cv-1019, Docket No. 17 at 17) and that he wanted to "plead guilty in a manner that you can argue about quantity, leader role, everything on final sentencing." (*Id*. at 13). As the court explained then, the movant's letters evidenced his approach to his case – that he wanted to try his luck. In

addition, the only way that Arnkoff could argue about quantity, leader role, and "everything" on final sentencing was if the movant did not accept the government's offer of a 180-month sentence recommendation in exchange for the movant not arguing for a lighter sentence. The court therefore determined that counsel did not advise the movant to reject the government's offer and "gamble" on obtaining a lighter sentence. The court further determined that, even if Arnkoff had been deficient in encouraging the movant to reject the 180-month offer, the movant had not established that he was prejudiced by Arnkoff's allegedly deficient assistance for several reasons, including there was no evidence that movant would have accepted the government's offer and there was no evidence that the court would have accepted the 180-month sentence. Instead, there was evidence that the court would have rejected the sentence and imposed a greater sentence. (Docket No. 19 at 8-9).

With respect to the movant's contention that the court relied on "mistaken, inaccurate and inadvertent facts" in addressing the movant's ineffective assistance of counsel claim based on defense counsel's failure to investigate and inform the movant of the 2-level money laundering enhancement, the movant posits that the court misunderstood the movant's argument. (Docket No. 27 at 2). According to the movant, he is not complaining about defense counsel's failure to object to a 2-level enhancement for money laundering; rather, he is complaining about defense counsel's "failure to explain the pertinent direct consequences stemming from it." (*Id*.) The movant also points out that the money laundering enhancement "was contrary to the parties['] mutual agreement." (*Id*. at 4). In assessing this claim and specifically relying on the movant's statements at the change of plea hearing, the court again credited defense counsel's version of the events and found that counsel did not fail to advise the movant that he would be subject to a 2-level enhancement for pleading guilty to money laundering. (Docket No. 19 at 10-11).

The court went on to conclude that, even if defense counsel's performance was constitutionally deficient as the movant alleges, the movant still failed to establish prejudice. The court recounted the movant's specific argument about what the government might have done and what the court might have done if the movant had not pleaded guilty to the money laundering charge. In the end, however, the court explained that the movant's argument was based entirely on conjecture, which does not establish prejudice. (*Id*. at 11). Further, the court noted that the movant had never suggested that, if he had known the money laundering charge would have resulted in a 2-level enhancement, he would have rejected the plea offer and insisted on going to trial. (*Id.*) Indeed, in his instant motion, the movant does not so allege. Additionally, the court pointed out that there was no evidence that plea process would have moved forward unchanged if the movant had not pleaded guilty to the money laundering charge; in fact, it seemed likely that the plea process would have ended and there would have been no plea agreement. (*Id*. at 12). Finally, the court noted that, even if the movant had not been subject to the 2-level enhancement for money laundering, and had fallen within the guideline range that he argues in his federal habeas petition would have applied to him—324 to 405 months—the movant was sentenced significantly below that range. (*Id*. at 15).

The court has reviewed the challenged order and memorandum and is convinced that it reasonably credited defense counsel's testimony, thoroughly addressed each argument presented by the movant, and correctly applied the relevant procedural rules and substantive law in denying the movant's § 2255 motion on the grounds of ineffective assistance of counsel. The court finds that the movant has not demonstrated that he is entitled to relief under Rule 60(b)(1).

To the extent the movant seeks relief under Rule 60(b)(6) based on "any other reason that justifies relief," the movant faces an exceedingly high burden. Even stricter standards routinely

are applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. Indeed, relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016). Rule 60(b)(6) requires the moving party to demonstrate "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.,* 479 Fed. App'x 684, 693 (6th Cir. 2012) (citing *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc*., 604 F.3d 242, 247 (6th Cir. 2010)).

"Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). "The 'something more' . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* "Such relief [relief under Rule 60(b)(6)] will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The movant's arguments advanced in his motion fail to constitute "extraordinary circumstances" which would entitle him to relief under Rule 60(b)(6). Rule 60(b) is not intended to allow relief from judgment merely because a petitioner is unhappy with the outcome. Jinks v. Allied Signal, Inc., 250 F.3d 381, 385 (6th Cir. 2001)   Petitioner's motion fares no better if construed under subsection (6) of Rule 60(b) instead of Rule 60(b)(1).

### III.     Conclusion

Zeeshan Syed's motion for relief from judgment (Docket No. 22)  therefore is **DENIED**. Because reasonable jurists would agree that the movant is not entitled to relief pursuant to Rule 60(b) under these circumstances, the Court **DENIES** a certificate of appealability (COA) from

are applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. Indeed, relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016). Rule 60(b)(6) requires the moving party to demonstrate "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co., Inc.,* 479 Fed. App'x 684, 693 (6th Cir. 2012) (citing *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc*., 604 F.3d 242, 247 (6th Cir. 2010)).

"Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). "The 'something more' . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* "Such relief [relief under Rule 60(b)(6)] will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The movant's arguments advanced in his motion fail to constitute "extraordinary circumstances" which would entitle him to relief under Rule 60(b)(6). Rule 60(b) is not intended to allow relief from judgment merely because a petitioner is unhappy with the outcome. Jinks v. Allied Signal, Inc., 250 F.3d 381, 385 (6th Cir. 2001)   Petitioner's motion fares no better if construed under subsection (6) of Rule 60(b) instead of Rule 60(b)(1).

### III.     Conclusion

Zeeshan Syed's motion for relief from judgment (Docket No. 22)  therefore is **DENIED**. Because reasonable jurists would agree that the movant is not entitled to relief pursuant to Rule 60(b) under these circumstances, the Court **DENIES** a certificate of appealability (COA) from

this Order. *See United States v. Hardin*, 481 F.3d 924, 925 (6th Cir. 2007) (holding that a certificate of appealability is required before an appeal of the denial of Rule 60(b) motion can be heard). The movant may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

Finally, the court notes that, after filing his Rule 60(b) motion, the movant filed a Notice of Appeal (Docket No. 22) and an application to proceed as a pauper on appeal (Docket No. 23).

To prosecute a civil appeal, a plaintiff must file a timely notice of appeal accompanied by either the full appellate filing fee or an application to proceed in forma pauperis in lieu thereof. 28 U.S.C. § 1915(a)(1). However, in the court's order of May 22, 2018, the court held: "Should the movant give timely notice of an appeal from this order and the accompanying Memorandum, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the movant has failed to make a substantial showing of the denial of a constitutional right." (Docket No. 20 at 1). Consequently, the movant is not certified to pursue an appeal in forma pauperis, 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962), and his application (Docket No. 23) is hereby **DENIED**.

The movant is hereby **GRANTED** 28 days within which to submit the required appellate filing fee of five hundred and five dollars ($505.00). The movant is forewarned that failure to pay the required filing fee may result in the dismissal of his appeal.

An extension of time to pay the appellate filing fee may be requested from this court if filed within 28 days from the date the movant receives this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superceded on other grounds by* Rule 24, Fed. R. App. P.

Despite a district court's certification that an appeal would not be taken in good faith, a litigant may seek leave to proceed in forma pauperis directly in the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5); *Owen v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006).

The Clerk is directed to forward a copy of this order to the Clerk of Court for the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge